IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30325
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES RAY SMITH, JR., also known as Charlieman,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-1832 (93-CR-50054-1)
- - - - - - - - - -

August 27, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Ray Smith, Jr., # 08377-035, appeals the district court's denial of his 28 U.S.C. § 2255 motion.  We granted a certificate of appealability (COA) on Smith's claim that his counsel was ineffective for failing to perfect his direct appeal. Smith contends that he received ineffective assistance of counsel when his attorney failed to file a notice of appeal upon Smith's request, resulting in the loss of his right to a direct appeal. Smith argues that the district court erred in dismissing his § 2255 motion without holding an evidentiary hearing.

---

[*]  Under 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The failure of counsel to perfect an appeal upon request of his client may constitute ineffective assistance of counsel, entitling the defendant to an out-of-time appeal. See United States v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993). "A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

Smith alleged in his § 2255 motion and accompanying memorandum that he was denied his right to a direct appeal due to ineffective assistance of counsel for failure to perfect an appeal. The Government did not respond to his allegations. The district court did not address them. And, Smith was not given the opportunity to develop his claim. The record does not conclusively show that Smith is not entitled to relief on this issue. It cannot be determined from the record whether Smith's attorney advised him of his right to appeal or whether Smith requested his counsel to file a notice of appeal. Smith was entitled to an evidentiary hearing. Bartholomew, 974 F.2d at 41.

The district court's judgment is VACATED, and this case is REMANDED to the district court for an evidentiary hearing to develop the facts relating to Smith's claim that he was denied his right to a direct appeal due to ineffective assistance of counsel.

VACATED AND REMANDED.